IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL K. IPSON,<br><br>                    Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br><br>                    Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-852 TS BCW<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(B).[1] Plaintiff Russell Ipson filed a Complaint against the Social Security Administration and Carolyn Colvin, the Acting Commissioner, on November 20, 2014.[2]  In his Complaint Plaintiff asserts the medical conditions that allegedly make him disabled.  These include having one working kidney, being close to dialysis, and problems with blood sugar levels and seizures.[3]

Following a long period of inactivity in this case the undersigned entered an Order to Show Cause on January 14, 2016.[4]  In that order the court informed Plaintiff that he needed to serve his Complaint within the time frame set forth by Federal Rule of Civil Procedure 4(m).[5]

---

[1] Docket no. 5.

[2] Docket no. 3

[3] Complain, docket no. 3.

[4] Docket no. 6.

[5] The current time frame under Rule 4(m) to serve a complaint after it has been filed is now 90 days.  In 2015 the Federal Rules were amended reducing the time for service from 120 days to 90 days.  The intent of this change is to "reduce delay at the beginning of litigation."  Fed. R. Civ. P. 4(m) 2015 Amendment notes.  Because this case was filed prior to the 2015 Amendment, the court used the prior time frame of 120 days.  Under either standard, however, the time for Plaintiff to serve the Complaint in this matter has long since passed.

Plaintiff was also ordered to show cause why the case should not be dismissed for failure to prosecute.

Plaintiff filed a timely response noting that he filed this action after his attorney did not want to continue.[6]  Mr. Ipson also stated that he was waiting for direction as to what course of action he should take in regard to his Complaint.  Following his response the court afforded Mr. Ipson additional time to serve his Complaint because he is acting *pro se* in this case.[7]  The court ordered Mr. Ipson to "effect service of process under Rule 4 within thirty (30) days from the date of [the] order."[8]  That order was entered on March 22, 2016 and as of the date of this recommendation, there is no proof that service has been effected.

Accordingly, based upon Plaintiff's failure to serve the Complaint and the prior warnings that have been provided Plaintiff that a failure to do so would result in a recommendation of dismissal, the undersigned recommends that this matter be dismissed for failure to prosecute.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days after  being served with a copy.  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

---

[6] Response p. 1, docket no. 7.

[7] Order Directing Service, docket no. 8.

[8] *Id.*

DATED this 6 May 2016.

Brooke C. Wells
United States Magistrate Judge