IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL K. IPSON,<br><br>                Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER REJECTING REPORT AND RECOMMENDATION<br><br><br>Case No. 2:14-CV-852 TS<br><br>District Judge Ted Stewart |

       This matter is before the Court on a Report and Recommendation filed by the Magistrate Judge. For the reasons discussed below, the Court rejects the Report and Recommendation and will return this matter to the Magistrate Judge with instructions to serve process for Plaintiff.

I. BACKGROUND

       Plaintiff filed this action on November 20, 2014. That same day he was granted permission to proceed in forma pauperis. On March 19, 2015, this case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

       After a significant period of inactivity, the Magistrate Judge issued an Order to Show Cause on January 14, 2016. The Order required Plaintiff to show cause why his Complaint should not be dismissed for failure to prosecute and serve process as required by Federal Rule of Civil Procedure 4(m).

       Plaintiff responded to the Order to Show Cause, explaining that he was unaware of the requirement that he serve Defendant. On March 22, 2016, the Magistrate Judge ordered Plaintiff

1

to effect service of process within thirty days.  The Magistrate Judge warned Plaintiff that failure to do so would result in a recommendation that the matter be dismissed.

After receiving nothing from Plaintiff, the Magistrate Judge issued her Report and Recommendation, recommending that the Court dismiss this action based on Plaintiff's failure to prosecute.  Plaintiff objected to the Report and Recommendation, and provided evidence of his attempt to serve Defendant.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party has fourteen days from their receipt of the Report and Recommendation to file an objection.  Plaintiff has filed an objection; therefore the Court will review the Report and Recommendation de novo.[1]  In doing so, the district court is free to follow the recommendation, ignore it, or conduct the review anew.[2]

## III.  DISCUSSION

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if a plaintiff fails to prosecute.  The Tenth Circuit has identified certain factors to consider in determining whether a dismissal under Rule 41(b) is warranted.  These factors include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[3]

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

[2] *Ocelot Oil Corps. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

[3] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Considering these factors, the Court finds that dismissal is not warranted at this time. There is no evidence of prejudice to Defendant and there is little interference with the judicial process. Importantly, the Court finds than Plaintiff is not sufficiently culpable to warrant dismissal. Plaintiff has certainly been less that diligent in pursuing this action. However, Plaintiff has explained that he was unaware of the requirement that he serve Defendant and has provided some evidence that he has attempted to serve Defendant, though it does not appear that his efforts comply with Federal Rule of Civil Procedure 4. While pro se parties must "follow the same rules of procedure that govern other litigants,"[4] Plaintiff's unfamiliarity with the service requirements lessens his culpability.[5] Moreover, since Plaintiff was granted in forma pauperis status, it becomes the Court's responsibility to serve process for Plaintiff upon request.[6] While Plaintiff has never requested service of process, "[n]umerous circuits have held that good cause exists to excuse a plaintiff's failure to serve where the plaintiff is proceeding in forma pauperis and is therefore entitled to rely on service by the U.S. Marshal."[7]

Turning to the next factor, the Court notes that the Magistrate Judge warned Plaintiff that failure to effect service would result in her recommending that the matter be dismissed. However, as set forth above, Plaintiff attempted service and was entitled to rely on the U.S.

---

[4] *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

[5] *Olsen v. Mapes*, 333 F.3d 1199, 1205 (10th Cir. 2003).

[6] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases."); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915."); *see also Olsen*, 333 F.3d at 1204 ("When a plaintiff is granted in forma pauperis status, the district court is required to serve process for the plaintiff.").

[7] *Olsen*, 399 F.3d at 1204.

Marshal. Therefore, his failure to properly serve Defendant will not be held against Plaintiff. Finally, the Court believes lesser sanctions will be sufficient to ensure Plaintiff's compliance with future Court orders.

## III.  CONCLUSION

It is therefore

ORDERED that the Report and Recommendation (Docket No. 9) is REJECTED. This matter is returned to the Magistrate Judge with instructions to serve process for Plaintiff.

DATED this 9th day of June, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge